Filed 7/12/22  In re V.N. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re V.N., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B318597 (Super. Ct. No. MJ24947) (Los Angeles County) |
| THE PEOPLE, Petitioner and Respondent, v. V.N., Defendant and Appellant. | |

V.N., a minor, appeals after the juvenile court found that appellant committed misdemeanor assault with a deadly weapon and declared him a ward of the court.  (Pen. Code, § 245, subd. (a)(1); Welf. & Inst. Code, § 602.)

We appointed counsel to represent appellant in this appeal. After an examination of the record, counsel filed an opening brief that raises no arguable issues.  On May 16, 2022, we notified

appellant by mail that he had 30 days within which to personally submit any contentions or issues he wished us to consider. The 30 days have since passed, and appellant has not presented any contentions or issues for our consideration.

In March 2021, appellant, then 16 years old, struck his estranged mother in the head with a baseball bat during an altercation after she violated a criminal restraining order and entered the home where minor was living with maternal grandfather. Prior to the altercation, mother, who appeared to be under the influence of methamphetamine, demanded that maternal grandfather give her a ride. An argument ensued between appellant and mother, which led to the assault.

At the contested hearing, the primary issue was whether appellant acted in self-defense or with the right to forcibly expel a trespasser. The juvenile court sustained the People's petition because (1) appellant used "far more force than reasonably necessary," particularly since mother was trying to leave when appellant went back to the house to get the baseball bat and reengaged with her, (2) appellant testified that at no time was he ever afraid of mother, and (3) maternal grandfather's testimony was more credible and contradicted much of appellant's testimony as to his defenses.

We have reviewed the entire record and are satisfied that appellant's attorney fully complied with his responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436.)

## DISPOSITION

The judgment (findings and order) is affirmed.

NOT TO BE PUBLISHED.


                                        YEGAN, J.

We concur:



        GILBERT, P. J.



        PERREN, J.

Brian C. Yep, Judge
Superior Court County of Los Angeles

_____

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.